## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHARLES FONVILLE,
    Plaintiff,

           v.

THE DISTRICT OF COLUMBIA,
    Defendant.

Civil Action No.  02-2353
(EGS/JMF)

## REPORT AND RECOMMENDATION

This case was referred to me by Judge Sullivan for a report and recommendation on two motions currently pending and ready for resolution.  For the reasons stated herein, I recommend that defendant's <u>Motion for Protective Order</u> [#16] be granted in part and denied in part and that plaintiff's <u>Cross-Motion to Compel</u> [#17] be granted in part and denied in part.

## I.    BACKGROUND

Plaintiff Charles L. Fonville ("Fonville")  alleges that defendant District of Columbia Metropolitan Police Department ("MPD") violated the Fifth Amendment of the United States Constitution by depriving him, without due process, of his constitutionally protected interests in his rank and in pursuing his chosen profession.  Plaintiff was employed by the MPD as an officer from February 1972 until he retired in March 2000.  He was promoted through the ranks of the MPD until he became a Captain in April 1995.  In March 1999, MPD Chief of Police Charles H. Ramsey ("Ramsey") promoted Fonville from his position as Captain to that of Commander, skipping the intermediate ranking position of Inspector.

On October 22, 1999, plaintiff was involved in an incident with a U.S. Federal Protective

Services ("FPS") officer.  The MPD Office of Internal Affairs ("OIA") investigated the incident.

On November 10, 1999, OIA finalized a report of its investigation, determining that plaintiff had

not engaged in conduct unbecoming of an MPD officer.

On November 29, 1999, MPD Chief Ramsey informed plaintiff that he had reviewed

OIA's report and file regarding the incident.  Ramsey told plaintiff that his behavior during the

incident was inappropriate and that he was being demoted to the rank of Captain.  Ramsey also

held a press conference on November 29, 1999.  On November 30, 1999, the Washington Times

reported that Ramsey stated that he demoted plaintiff because of plaintiff's "unacceptable

behavior" and that plaintiff's conduct was not consistent with what Ramsey expected from a

command member of his staff.  According to plaintiff, as a result of the demotion, he retired two

years earlier than he had intended to retire.

On November 27, 2002, plaintiff filed this lawsuit.  During discovery, defendant filed the

instant motion for a protective order, seeking to limit the scope of plaintiff's discovery requests.

Thereafter, plaintiff filed a cross-motion to compel defendant's responses.  This Report and

Recommendation addresses the issues raised in these motions.

## II.    DISCUSSION

### A.    Legal Standards

#### 1.    Motion for a Protective Order

Upon motion for a protective order by a party or by the person from whom discovery is

sought and for good cause shown, the court in which the action is pending may make any order

which justice requires to protect a party or person from annoyance, embarrassment, oppression,

or undue burden or expense. Fed. R. Civ. P. 26(c).  As the party seeking the protective order, the

District of Columbia has the burden showing that good cause exists for the relief it seeks.

> Specifically, good cause exists under Rule 26(c) when justice
> requires the protection of a party or a person from any annoyance,
> embarrassment, oppression, or undue burden or expense.  The
> party requesting a protective order must make a specific
> demonstration of facts in support of the request as opposed to
> conclusory or speculative statements about the need for a
> protective order and the harm which will be suffered without one.
> Indeed, "[t]he moving party has a heavy burden of showing
> 'extraordinary circumstances' based on 'specific facts' that would
> justify such an order."

Alexander v. Fed. Bureau of Investigation, 186 F.R.D. 71, 75 (D.D.C. 1998) (citations omitted).

### 2.    Motion to Compel

Under Federal Rule of Civil Procedure ("Rule") 37(a), a party may move the court in

which the action is pending for an order compelling disclosure of information sought in

discovery. Fed. R. Civ. P. 37(a).  The party must certify that the movant has conferred in good

faith with the party refusing disclosure in an effort to avoid court action. Id.

### B.    Defendant's Objections and Responses to Plaintiff's Interrogatories and Requests for Production of Documents

Plaintiff served his interrogatories and requests for production of documents on May 25,

2004.[1]  The District of Columbia responded to the requests on July 15, 2004 and provided

amended answers on September 28, 2004.  As demonstrated by the following chart, in several

instances, defendant lodged different objections in each of its responses.  In addition, the

arguments made by defendant in its pleadings sometimes mirror these objections, but in regard to

---

[1] Defendant claims that they were not served until June 1, 2004.  Because the parties' dispute as to the timeliness of the responses is unaffected by whether the requests were served on May 25, 2004 or June 1, 2004, the court will not address this issue.

certain discovery requests, defendant shifted the focus of its objections when it filed its motion.

|  | July 15, 2004 Responses | New Objections in September 28, 2004 Amended Responses | Defendant's Arguments in Its Motion for a Protective Order and Reply |
|---|---|---|---|
| Int. 8 | Overly broad<br>Unduly burdensome<br>May request information protected by attorney-client and work-product privileges | May request information protected by deliberative process privilege | Seeks a memorandum protected by deliberative process and law enforcement privileges<br><br>Any oral communications Ramsey may have had about plaintiff's demotion are protected by the deliberative process privilege and it would be overly burdensome for defendant to identify such communications |
| Ints. 9/10 | D.C. Code §1-631.01<br>D.C. Code §1-631.03 | Overly broad<br>Irrelevant | Information is irrelevant and protected from disclosure by D.C. Code |
| Int. 13 | Overly broad<br>Vague/ambiguous | Deliberative process privilege | Information is irrelevant |
| Int. 14 | Overly broad<br>Vague/ambiguous | Deliberative process privilege | Information is irrelevant |
| Int. 1 | May request information protected by attorney-client and work-product privileges |  |  |
| Ints. 11/12<br>Reqs. 11/12 | Overly broad<br>Vague/ambiguous<br>Unduly burdensome<br>Equally available to plaintiff |  | Defendant claims to have produced all responsive information and materials within its custody and control |
| Ints. 15/16<br>Req. 13 | Overly broad<br>Request 13 may seek documents protected by attorney-client and work-product privileges | Deliberative process privilege<br>Request 13 seeks documents protected by deliberative process and law enforcement privileges | Defendant claims to have produced all responsive information and materials within its custody and control |
| Ints. 17/18<br>Reqs. 9/10 | Overly broad<br>Vague/ambiguous | Deliberative process privilege<br>Law enforcement privilege | Defendant is not in possession of any responsive documents |
| Req. 8 | May seek documents protected by attorney-client and work-product privileges | Overly broad<br>Burdensome<br>Irrelevant<br>May be subject to deliberative process privilege | Defendant will supplement its response to the extent any policies or procedures were considered in plaintiff's demotion |

On September 28, 2004, defendant also produced a privilege log for three memoranda authored by the MPD, claiming that the deliberative process privilege applied to each of them. Plaintiff Fonville's Opposition to Defendant's Motion for Protective Order and Cross-Motion to Compel Responses to Plaintiff's Discovery Requests ("Pl.'s Opp'n"), Ex. 5.

### C.   Timeliness of Defendant's Objections

Under Rules 33 and 34, defendant had only thirty days after service of the interrogatories and request for production of documents to supply its answers and any objections. Fed. R. Civ. P. 33(b)(3); Fed. R. Civ. P. 34(b).  Because defendant failed to do so within the allotted time, plaintiff contends that defendant waived its right to assert any of the objections it raised in its initial responses, amended responses, or motion for a protective order.  Pl.'s Opp'n, *passim*.

Rule 33 states: "All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed. R. Civ. P. 33(b)(4). Several courts, including this court, have cautioned or concluded that "the failure to object within the time fixed for its answer generally constitutes a waiver of any objection." Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington, 103 F.R.D. 52, 62 (D.D.C. 1984) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981); Shenker v. Sportelli, 83 F.R.D. 365, 367 (E.D. Pa. 1979); 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2173 at 544 (1970)). Thus, "in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection." Scott v. Arex, Inc., 124 F.R.D. 39, 41-42 (D. Conn. 1989) (citing Davis, 650 F.2d at 1160). See also

Safeco Ins. Co. of America v. Rawstrom, 183 F.R.D. 668, 671 (C.D. Cal. 1998) (footnote

omitted).  This is true even when the party objects to disclosure because it claims that the

information sought is privileged. Davis, 650 F.2d at 1160 (citations omitted).

Rule 34 states: "The party upon whom the request is served shall serve a written response

within 30 days after the service of the request."  Fed. R. Civ. P. 34(b).  If the responding party

objects to a request, "the reasons for the objection shall be stated." Id.  Unlike Rule 33, Rule 34

does not contain an automatic waiver provision as a consequence of failing to file a timely

objection, but there is no reason to interpret the two rules differently.  To the contrary, courts

have held that the failure to timely file an objection to a request for production of documents may

be deemed a waiver. Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 530-31 (E.D.

Pa. 1999); Kansas-Nebraska Natural Gas Co., Inc. v. Marathon Oil Co., 109 F.R.D. 12, 24-25 (D.

Neb.1983). See also Shenker v. Sportelli, 83 F.R.D. 365, 366-67 (E.D. Pa. 1979).

Here, defendant served its responses and amended responses fifty days and 125 days after

the discovery requests were served–well outside the time limits imposed by the Federal Rules.

The District did not seek an extension of time, nor has it attempted to demonstrate good cause for

its untimely responses and objections.  On this record, there is simply no reason to depart from

the general rules regarding waiver.   Based on defendant's failure to comply with the applicable

discovery rules and the absence of any attempt to explain its non-compliance, it is consistent with

a significant body of case law to deem all objections waived and to compel the desired discovery

in its entirety.  Accordingly, I recommend that this court find that defendant has waived all of its

objections and order defendant to provide full and complete responses to each of the

interrogatories and requests for production of documents listed in the chart above.[2]

    **D.**     **Substance of Objections Raised in Defendant's Motion for a Protective Order**

Although there is ample authority for the court to find that defendant has waived all of its objections, the court need not decide the motions on this basis. A review of the discovery requests and responses demonstrates that all of the objections are either meritless or made in such a conclusory manner that they cannot be sustained. In addition, defendant has utterly failed to meet its burden of making "a specific demonstration of facts" to justify a protective order. See Alexander, 186 F.R.D. at 75. Accordingly, whether on procedural or substantive grounds, I recommend that the court order defendant to provide full and complete responses to all of plaintiff's interrogatories and document requests that were identified in defendant's motion.

    *1.*     *Interrogatory Number 8*

Interrogatory Number 8 asks defendant to describe communications from Ramsey to other MPD officials or staff regarding plaintiff's demotion. Pl.'s Opp'n, Ex. 1, at 9. In its motion for a protective order, defendant asserts the that the deliberative process and law enforcement privileges protect from disclosure a certain memorandum that it had previously identified in its September 28, 2004 privilege log. This document is a memorandum from a subordinate to Ramsey making recommendations as to plaintiff's employment. Defendant also asserts that any oral communications Ramsey "may have had" concerning plaintiff's demotion are protected by the deliberative process privilege and it would be overly burdensome for defendant to identify

---

    [2] This recommendation is subject to one exception. As for the information claimed to be protected by D.C. statute, the parties should file a stipulated protective order and, upon its approval, produce the responsive documents subject to the terms of the protective order. See discussion, infra at 10-11.

such communications.  <u>Motion for Protective Order</u> ("Def.'s Mot.") at 2.

The deliberative process privilege "covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which [g]overnment decisions and policies are formulated."  <u>Waters</u>, 216 F.R.D. 153, 162 (D.D.C. 2003) (citation and quotation omitted).  <u>See also</u> <u>McPeek v. Ashcroft</u>, 202 F.R.D. 332, 334 (D.D.C. 2001).  In <u>Waters</u>, discussing the application of the privilege to a memorandum written by an inferior to a superior, this court ultimately determined that "the deliberative process privilege does not apply to a document, such as this one, that speaks to a particular investigation rather than the adoption of a policy that applies to all cases of a particular nature or type."  <u>Waters,</u> 218 F.R.D. 323, 324 (D.D.C. 2003).

In <u>Tuite v. Henry</u>, 181 F.R.D. 175 (D.D.C. 1998), Judge Lamberth explained:

> The federal law enforcement privilege is a qualified privilege designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement.  The privilege serves to preserve the integrity of law enforcement techniques and confidential sources, protects witnesses and law enforcement personnel, safeguards the privacy of individuals under investigation, and prevents interference with investigations.

<u>Tuite v. Henry</u>, 181 F.R.D. 175, 176 (D.D.C. 1998), <u>aff'd</u>, 203 F.3d 53 (D.C. Cir. 1999).  <u>See also</u> <u>McPeek</u>, 202 F.R.D. at 336 ("The law enforcement privilege serves the societal interest in the prompt and fair investigation of improper behavior by protecting sources of information, encouraging them to come forward, and preventing the premature disclosure of information which could harm a person's reputation unfairly and unnecessarily.").

Both the deliberative process and law enforcement privileges are qualified, common law

executive privileges.  In this Circuit, the proper assertion of these privileges includes: (1) a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; and (3) a detailed specification of the information for which the privilege is claimed, with an explanation why it properly falls within the scope of the privilege. Landry v. Fed. Deposit Ins. Corp., 204 F.3d 1125, 1135 (D.C. Cir. 2000); Cobell v. Norton, 213 F.R.D. 1, 7 (D.D.C. 2003). Defendant has not even come close to meeting any of these requirements and instead relies on mere conclusory statements that the information is protected by the privileges.  On such a record, the court cannot sustain the claim of privilege.

In addition, defendant's claim that it would be an undue burden for it to identify any communications Ramsey had regarding plaintiff's demotion is frivolous; all defendant needs to do is ask Ramsey about any communications he had concerning this topic and determine whether he memorialized any of those conversations in a memorandum, report, email, or other document. I therefore recommend that the court order defendant to provide a full and complete response to Interrogatory Number 8, including the production of the memorandum and a description of any oral communications Ramsey had with other MPD officials or staff regarding plaintiff's demotion.

### 2.    *Interrogatory Numbers 9 and 10*

In Interrogatory Number 9, plaintiff requests that defendant "[l]ist each and every MPD Commander who was demoted by [] Ramsey including the individual's name, date of demotion, length of tenure as commander, stated reason for demotion, and current position occupied with MPD or, in the alternative, MPD rank at the time the individual left MPD."  Pl.'s Opp'n, Ex. 2,

at 5.  In Interrogatory Number 10, plaintiff requests that, "[f]or each individual named in [Interrogatory 9], [defendant] describe any and all procedures allowed to [him or her] to challenge the demotion."  Id.  Defendant argues that the material is not discoverable because it is irrelevant to the instant lawsuit and because the interrogatories seek information protected from disclosure by D.C. Code §§ 1-631.01 and 1-631.03 (2004).

Citing Waters v. United States Capitol Police Board, defendant argues that these requests are irrelevant to plaintiff's claims.  In Waters, the plaintiff sought the personnel files of (1) individuals he accused of discriminatory action; (2) persons involved in the decision-making process; and (3) other employees that had information regarding plaintiff's claims.  Waters, 216 F.R.D. at 164.  Waters demanded the information so that he might impeach a witness' credibility by showing that the employee received a pay raise or promotion as a reward for providing information to the individuals who investigated plaintiff's complaint.  Id.  This is a far cry from the information sought by the plaintiff in this case.  Here, plaintiff seeks information regarding other individuals who were demoted by the same official, MPD Chief Ramsey, and the procedures by which these individuals were allowed to challenge their demotions.  Unlike Waters, this is not a Title VII case in which plaintiff alleges discrimination, but Fonville does claim that he was deprived of his constitutional rights by the way in which he was demoted.  Information about how Ramsey demoted others and the procedures followed in other cases is–at the very least–"relevant to the subject matter" and "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Defendant's claim that the information is irrelevant is entirely without merit.

As for defendant's statutory objections, D.C. Code § 1-631.01 states: "All official

personnel records of the District government shall be established, maintained, and disposed of in

a manner designed to ensure the greatest degree of applicant or employee privacy while

providing adequate, necessary, and complete information for the District to carry out its

responsibilities under this chapter." D.C. Code § 1-631.03 states that "[i]t is the policy of the

District government to make personnel information . . . available upon request . . . except if such

disclosure would constitute an unwarranted invasion of personal privacy." D.C. Code § 1-631.03.

   While the information requested by plaintiff may include private information, it is equally

true that this information is likely to be relevant to plaintiff's claim that he was demoted without

due process.  Thus, there are two competing interests at stake.  In my view, the best way to

resolve this problem is for plaintiff and defendant to submit a stipulated protective order to the

court and, upon its approval, produce the responsive documents according to the terms of the

protective order.  In this way, plaintiff can receive all of the information relevant to his claims,

but any invasion into other individuals' privacy will be minimized.  Accordingly, I recommend

that this court order the parties to confer and file a stipulated protective order by a date certain so

that any information produced will be subject to its terms.

   3.   *Interrogatory Numbers 13 and 14*

   In these interrogatories, plaintiff seeks information regarding Ramsey's reasons for

promoting plaintiff to the position of Commander, as well as information regarding Ramsey's

reasons for plaintiff's subsequent demotion.  See Pl.'s Opp'n, Ex. 2, at 6-7.  In its motion for a

protective order, defendant argues that the information is irrelevant.  But, because plaintiff's

demotion and the procedures by which it was implemented are at issue in this case, the

information sought by plaintiff in these interrogatories is clearly relevant, as is information

regarding why, only months earlier, Fonville had been promoted by the same official who later demoted him.  I therefore recommend that defendant's request for a protective order as to these interrogatories be denied and that defendant be compelled to provide complete and full responses to Interrogatory Numbers 13 and 14.

### E.      Plaintiff's Cross-Motion to Compel

In plaintiff's cross-motion to compel, he seeks more complete responses to several interrogatories and requests for production of documents.

### 1.      Interrogatory Number 1

Plaintiff complains that defendant's answers to plaintiff's first set of interrogatories are signed only by defendant's paralegal.  Pl.'s Opp'n at 15.  Plaintiff also notes that defendant, raising the attorney-client and work-product privileges, has refused to identify the individuals who assisted in the preparation of defendant's answers.  Id.

Under the Federal Rules, "answers are to be signed by the person making them, and the objections signed by the attorney making them."  Fed. R. Civ. P. 33(b)(2).  Thus, having a paralegal sign answers to interrogatories is utterly improper.  Interrogatories are served on parties, and defendant's answers must be signed by the party upon whom they were served– *i.e.,* a representative of the District of Columbia who attests to their truth on behalf of the District of Columbia.  Defendant's objections, on the other hand, must be signed by counsel for the District. Accordingly, I recommend that the District be ordered, by a date certain, to serve two documents to plaintiff: (1) a set of answers to plaintiff's first set of interrogatories that are signed by a representative of the District of Columbia who can attest to the truthfulness of the answers, and (2) a set of objections that are signed by defense counsel.  As for defendant's claims that the

12

attorney-client and work-product privileges protect the identification of individuals who assisted

in preparing the discovery responses, the claims are frivolous and ought not be sustained by this

court.

2.      *Interrogatory Numbers 11 and 12 and Request for Documents Numbers 11
and 12*

In these interrogatories and documents requests, plaintiff requested information regarding

communications between Ramsey and the news media.  Pl.'s Opp'n at 17.  Defendant states that

"plaintiff was informed that [the] District . . . produced all available communications between

Chief Ramsey and the media." Defendant District of Columbia's Reply to Plaintiff's Opposition

to the District's Motion for a Protective Order ("Def.'s Reply") at 6.  If defendant has, in fact,

produced all available communications, defendant should supplement its responses to reflect this

fact.  Otherwise, defendant should fully respond to the discovery requests, which the court finds

to be reasonable.

3.      *Interrogatory Numbers 15 and 16 and Request for Documents Number 13*

Plaintiff moves the court to order defendant to provide more complete responses to these

discovery requests.  Pl.'s Opp'n at 18.  Plaintiff notes that he has requested defendant to

supplement its responses "to clarify if other responsive information and documents exist."  Id.

Defendant states that "the District has provided all such reports within the custody and control of

the District." Def.'s Reply at 6.  However, defendant also seems to retain its assertion of

attorney-client, work-product, deliberative process, and law enforcement privileges.  Id.  Without

any clear indication as to whether the District is retaining documents on the grounds of privilege,

it is impossible to understand its position.  In any event, the District has failed to explain how

these privileges may apply to specific materials, and it is impossible to sustain the District's

claims.  I therefore recommend that the court order defendant to comply fully with the discovery

requests.

> 4.      *Interrogatory Numbers 17 and 18 and Requests for Documents Numbers 9 and 10*

Plaintiff's requests sought information regarding "the creation of the MPD Commander

position and the abolishment of the MPD Deputy Chief of Police position."  Pl.'s Opp'n at 18.

Plaintiff notes that such information is relevant to his case because defendant claims that these

positions are identical and that both are at will.  Id.  Indeed, defendant notes that "[i]t is the

District's position that plaintiff was 'at will' and therefore served at the discretion or pleasure of

the Chief."  Def.'s Reply at 6.

In response to the request, defendant states that it is "not in possession of any such

documents."  Id.  Defendant points out, presumably by way of justification, that "[t]he position of

commander was created by one of the previous administrations on February 17, 1997, well

before Chief Ramsey's arrival."  Id.  What is important is not whether defendant possesses such

documents, but whether they are within the defendant's possession, custody, or control. Fed. R.

Civ. P. 34(a).  Accordingly, defendant should respond fully to Interrogatories 17 and 18 and

Requests for Documents 9 and 10 by either providing all responsive materials within its custody

and control or by supplementing its responses to reflect that no such documents are within its

custody and control.

> 5.      *Request for Production Number 8*

Plaintiff's request sought "any documents that evidenced policies or guidelines used, referenced, or considered" in plaintiff's demotion.  Pl.'s Opp'n at 20.  Defendant has agreed that, "[t]o the extent any policies or guidelines were considered in plaintiff's demotion, the District will supplement this response."  Def.'s Reply at 6.  Because it appears that defendant is willing to cooperate with plaintiff's discovery request, this issue appears to be moot.  In the interest of completion, however, I recommend that the court order defendant to complete its supplemental responses by a date certain.

### F.      Duration and Scope of the Ramsey Deposition

Defendant also seeks to limit the scope and duration of plaintiff's deposition of Ramsey.  Def.'s Mot. at 4.  While Ramsey is the highest ranking official at the MPD, he is also directly involved in this case.  See Pl.'s Opp'n at 13.  Specifically, it was Ramsey's decision to demote plaintiff that generated this action.

#### 1.      *Duration of the Deposition*

Plaintiff has agreed to limit Ramsey's deposition to five hours.  Id.  Defendant requests that Ramsey's deposition be limited to three hours.  Def.'s Reply at 6.  I find that two additional hours are not an unreasonable burden for Ramsey, given the fact that he was the decisionmaker in this case.  I therefore recommend that Ramsey's deposition be limited to five hours.

#### 2.      *Scope of the Deposition*

Defendant further wishes to limit the scope of the deposition to preclude questions relating to "any ongoing investigations, and/or . . . the current internal MPD structure and any reasons for the structure."  Def.'s Mot. at 5.  If, however, as defendant states, it believes that "the law enforcement privilege protects this information from disclosure," defendant may assert the

privilege as it relates to specific questions posed during the deposition.   At that point, it can

properly invoke the privileges according to the standards discussed above.  In advance of

Ramsey's deposition and the proper assertion of the privilege in response to specific questions,

however, I recommend that the court decline to limit the scope of counsel's questions.

Defendant should note that conclusory assertions of the privilege will not suffice.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985).**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: