Notice:  This decision may be formally revised before it is published in the *District of Columbia Register*.  Parties should promptly notify the Office Manager of any formal errors so that this Office can correct them before publishing the decision.  This notice is not intended to provide an opportunity for a substantive challenge to the decision.

## THE DISTRICT OF COLUMBIA

### BEFORE

### THE OFFICE OF EMPLOYEE APPEALS

_____

In the Matter of:                                    )
                                                     )
KEVIN KEEGAN,                                        )        OEA Matter No. 1601-0044-08
         Employee                                    )
                                                     )        Date of Issuance: May 24, 2010
                                                     )
                                                     )
D.C. METROPOLITAN POLICE                             )
DEPARTMENT,                                          )
         Agency                                      )
_____)

### OPINION AND ORDER
### ON
### PETITION FOR REVIEW

Kevin Keegan ("Employee") worked as a police officer with the D.C. Metropolitan Police Department ("Agency") since 1981.  In 1991, Employee was promoted to Captain.  He was subsequently promoted to the position of Inspector in 2004.  However, on August 5, 2007, Employee was demoted from Inspector back to Captain by the Chief of Police.[1]

_____

[1] Employee claimed that in July of 2007, he went on sick leave because of the stress that resulted from the extraordinary demands and pressure imposed by his supervisor.  Two days prior to his demotion, Employee attended a meeting with the Chief of Police who informed him that his decision to take sick leave to deal with stress did not set a good example to members of the command staff.  Accordingly, she demoted him to Captain. *Petition for Appeal,* p.7 (February 8, 2008).

On February 8, 2008, Employee filed a Petition for Appeal with the Office of Employee Appeals ("OEA").  He argued that the demotion was unlawful because he was a Career Service employee, and the demotion violated his employment protections provided by his status.  Employee asserted that the Chief of Police did not follow the regulations in place for adverse actions, reductions-in-force, or reclassification of positions.  He also claimed that Agency did not afford him advance notice of the demotion.[2]

Agency responded to Employee's Petition for Appeal by requesting a stay of his proceedings until the OEA Board issued a decision in *Robin Hoey v. D.C. Metropolitan Police Department*, OEA Matter No. 1601-0074-07 (December 14, 2007).  Agency requested the stay because *Hoey* and other employees were similarly situated because of demotions.   It argued that a stay would prevent duplicative pleadings before OEA and would not be prejudicial to Employee.[3]

Before the Administrative Judge granted a decision on Agency's Motion to Stay, Agency filed a Memorandum in Support of a Motion for Summary Disposition.  It claimed that the Chief of Police had the authority to demote members of the command staff without cause and at her discretion.  Agency further argued that in accordance with D.C. Official Code §§ 1-608.01, 1-632.03(c), and 5-105.01 and 6 District Personnel Manuel ("DPM") § 872.5, Employee occupied a discretionary command position and could be demoted without cause.  Specifically, Agency provided that 6 DPM § 872.5 stated that Inspectors selected pursuant to D.C. Official Code §§ 1-608.01 and 5-105.01

---

[2] *Id.,* 8-9.
[3] *Agency's Motion for a Stay of Proceedings,* p. 2 (March 13, 2008).

were Career Service employees who serve in such positions at the pleasure of the Chief

of Police and may be returned to their previous rank or position at the Chief's discretion.

Thus, OEA lacked jurisdiction to consider this appeal.[4]

Agency also stated that Employee's Petition for Appeal was not timely filed.  His

demotion was effective on August 5, 2007, however, he did not file his Petition for

Appeal with OEA until February 8, 2008.  Therefore, it requested that the appeal be

dismissed for lack of jurisdiction on this basis as well.[5]

Employee responded by filing a Brief Regarding Jurisdiction. He provided that

OEA has jurisdiction over demotion actions involving Career Service employees.  He

relied on the U.S. District Court for the District of Columbia's decision in *Hoey v.

District of Columbia,* 540 F.Supp.2d 218 (D.C. 2008) to substantiate his claim.[6]

According to OEA's Administrative Judge ("AJ"), the parties revealed during a

July 22, 2008, Status Conference that Employee voluntarily retired before a decision was

issued on the merits of his case.  Consequently, the AJ issued his Initial Decision on

September 17, 2008.  In response to Agency's contention that Employee's Petition for

Appeal was filed untimely, the AJ held that Agency could not successfully raise this

argument because it failed to inform Employee, in writing, that he could appeal the action

to OEA.  Further, Agency conceded that it did not give Employee written notice of his

appeal rights.  Therefore, the AJ found that Employee's petition was filed timely.[7]

---

[4] *Metropolitan Police Department's Memorandum in Support of Motion for Summary Disposition,* p. 1-3, (April 14, 2008).
[5] *Id.* at 10.
[6] *Employee's Brief Regarding Jurisdiction,* p. 2-3 (May 5, 2008).
[7] *Initial Decision,* p. 2-3 (September 17, 2008).

The AJ then determined that because Employee voluntarily retired, OEA's jurisdiction was moot. He was not persuaded by Employee's argument that Merit Systems Protection Board cases have held that a demotion appeal is not mooted by an employee's resignation because the MSPB could award a remedy through the effective date of the resignation. The AJ instead relied on OEA's general position that jurisdiction is moot in cases of voluntary retirement. He found that there was no evidence of Agency misrepresentation or deception involved in Employee's choice to retire. Therefore, the AJ held that OEA lacked jurisdiction to consider the case. The case was dismissed.[8]

Employee disagreed with the Initial Decision and filed a Petition for Review with the OEA Board on October 2, 2008. He asserted that the AJ failed to distinguish the retirement case law upon which he relied. Typically, employees retired before the termination action became effective. As a result, there is no adverse action to appeal, thereby, nullifying OEA's jurisdiction. However, this is not the case in the current matter. Employee stated that the AJ's Initial Decision focused on the wrong distinction. As a result, he requested that the Initial Decision be reversed because his retirement did not divest OEA of jurisdiction to consider his case.[9]

Agency argued in its Opposition to Employee's Petition for Review that the OEA Board's Opinion and Order in *Hoey* governs the ultimate disposition of Employee's appeal, and in accordance with that decision, the current case should be dismissed.[10] Agency provided that the OEA Board held in *Hoey* that the Chief of Police legally

---

[8] *Id.,* 3-4.
[9] *Petition for Review,* p. 3, 5-6 (October 2, 2008).
[10] The OEA Board issued a decision in the *Hoey* case on June 25, 2008.

demoted Employee because of her unfettered discretion.  It also asserted that the Board

held that a demotion is not an adverse action, and consequently, notice is not required.[11]

Employee filed a Supplement to his Petition for Review.  In it, he provided that

the AJ misapplied the law in his Initial Decision by treating a demotion as a removal

action in his determination of OEA's jurisdiction over cases where an employee retires

while the appeal is pending.  He stated that Congress and the Merit Systems Protection

Board have recognized that it is unfair to place employees in a dilemma by requiring

them to choose between retirement benefits or forfeiting the right to appeal.   He

highlighted several cases to support his argument and reasoned that OEA should follow

the Merit Systems Protection Board's findings on this issue.[12]

There are two jurisdictional issues before the Board.  The first issue is whether

OEA's jurisdiction was moot because Employee voluntarily retired after his demotion.

The second issue is whether Employee was in a Career or Excepted Service status when

he was demoted from Inspector to Captain.

The District of Columbia Court of Appeals held in *Settlemire v. D.C. Office of*

*Employee Appeals,* 898 A.2d 902 (D.C. 2006), that a case is moot when the issues

presented are no longer "live' or the parties lack "a legally cognizable interest in the

outcome."  Moreover, it found that it is well settled that an appeal is moot when while the

appeal is pending, an event occurs that renders relief impossible or unnecessary (citing

*Vaughn v. United States,* 579 A.2d 170, 175 n.7 (D.C. 1990).  The Court of Appeals

reasoned that although it had not considered a case involving a request for reinstatement

---

[11] *Agency's Opposition to Employee's Petition for Review,* p. 2-3 (October 29, 2008).
[12] *Supplement to Petition for Review* (January 8, 2009).

after an employee voluntarily retired, other courts have ruled that reinstatement is not available under those circumstances.[13]   Thus, the Court reasoned that to overcome a determination of mootness, the case must provide that some meaningful relief could be granted and is available to an employee.[14]

A few months after *Settlemire* was issued, the Court of Appeals attempted to more clearly define its position on this issue.  In *Grant v. District of Columbia,*  908 A.2d 1173 (D.C. 2006), the Court held that voluntary retirement *does* moot an employee's request for reinstatement to their former position, but it *does not* moot a request for relief for monetary compensation.   The Court reasoned that unresolved issues of damages constitute a sufficient, concrete stake in the litigation that would preclude a finding of mootness (citing *Taylor v. Resolution Trust Corporation,* 312 U.S.App. D.C. 427, 56 F.3d 1497 (1995)).[15]

In *Grant*, the employee was suing the District for defamation of character as a result of being placed on paid administrative leave as the agency investigated a sexual harassment claim against him.  The Court of Appeals found that for the defamation of a government employee to give rise to a right to procedural due process, it must be accompanied by "a discharge from government employment or at least a demotion in rank and pay."[16]  The Court held that because Grant was not demoted and did not suffer any loss of pay or benefits, then his property interest in his position were not violated.[17]

Although, *Settlemire* and *Grant* are not directly on point, both cases offer

---

[13] *Settlemire v. D.C. Office of Employee Appeals,* 898 A.2d 902, 906 (D.C. 2006).
[14] *Id.* at 907.
[15] *Grant v. District of Columbia,*  908 A.2d 1173, 1178 (D.C. 2006).
[16] *Id.* at 1180.
[17] *Id.* at 1181.

guidance on how the Court of Appeals may rule on the current case.  The Court agrees with the Administrative Judge's contention that OEA's jurisdiction is generally moot in cases of voluntary retirements.  However, the Court makes the distinction between matters where an employee requests monetary and meaningful relief versus a request for reinstatement.  OEA has consistently held that the office lacks jurisdiction in removal actions where employees request reinstatement after electing to voluntarily retire instead of facing the removal action.[18]  OEA lacks jurisdiction in these matters because relief cannot be granted to an employee who no longer holds his position as a direct result of his decision to retire.

Cases involving demotions are distinguishable from those involving reinstatements because relief can be awarded in a demotion case.  In the current case, as a result of Agency's demotion action, Employee suffered loss of pay and benefits which violated his property interests.[19]  If the Employee was still in Career Service status when he was demoted, he could be awarded the monetary difference in the loss salary and benefits that resulted from the demotion. Therefore, by applying the Court of Appeals' reasoning to this case, OEA would still have jurisdiction over this case despite Employee's voluntary retirement.

---

[18] *Battle et al. v. D.C. Department of Mental Health,* OEA Matter Nos. 2401-0076-03, 2401-0067-03, 2401-0077-03, 2401-0068-06, 2401-0073-03, Opinion and Order on Petition for Review (May 23, 2008) __ D.C. Register __ ( ); *Henderson v. D.C. Department of Corrections,* OEA Matter No. 2401-0073-02, Opinion and Order on Petition for Review (January 25, 2006) __ D.C. Register __ ( ); *Green v. D.C. Department of Corrections,* OEA Matter No. 2401-0079-02, Opinion and Order on Petition for Review (March 15, 2006) __ D.C. Register __ ( ); *Dickerson v. Department of Mental Health,* OEA Matter No. 2401-0036-03, Opinion and Order on Petition for Review (May 17, 2006) __ D.C. Register __ ( ); *Giles v. Department of Employment Services,* OEA Matter No. 2401-0022-05, Opinion and Order on Petition for Review (July 24, 2008) __ D.C. Register __ ( ).

[19] As an Inspector, Employee was a grade 8, step 4 with an annual salary of $116,710.  When he was demoted to a Captain, he was a grade 7, step 4 with an annual salary of $104,885. *Pre-hearing Statement of Employee,* Exhibit #5 (April 2, 2008).

Having addressed the retirement jurisdictional issue, this Board must now determine if Employee was under the Career Service or Excepted Service status when he was demoted to Captain. If he was a Career Service employee, then OEA has jurisdiction over his case.[20] If Employee was in Excepted Service status, then OEA would still lack jurisdiction to consider the case on its merits.[21]

As Agency argued, this Board was faced with a similarly-situated, demoted employee in *Hoey v. D.C. Metropolitan Police Department,* OEA Matter Number 1601-0074-07, Opinion and Order on Petition for Review (June 25, 2008). The Board held in *Hoey* that although he was a Career Service employee, the Chief of Police was in her discretion to demote *Hoey* to Captain. The Board reasoned that this was not an adverse action, and the Chief did not need cause to demote *Hoey*.[22]

However, in direct contrast with the OEA Board's decision, the United States District Court for the District of Columbia in *Hoey v. District of Columbia, et al.*, 540 F.Supp.2d 218 (D.C. 2008) held that per D.C. Code § 1-616.52(b) demotions and pay grade reduction are adverse disciplinary actions appealable to the Office of Employee Appeals.[23] The Court reasoned that Career Service employees could only be disciplined for cause because they were entitled to the protections outlined in the Comprehensive Merit Personnel Act. The Court also held that Career Service employees must be given

---

[20] D.C. Official Code §§ 1-606.01 *et. seq.* and 1-608.01.
[21] D.C. Official Code § 1-609.05.
[22] *Hoey v. D.C. Metropolitan Police Department,* OEA Matter Number 1601-0074-07, Opinion and Order on Petition for Review, p. 4 (June 25, 2008).
[23] D.C. Official Code § 1-616.52(b), provides that "an appeal from a removal, a reduction in grade, or suspension of 10 days or more may be made to the Office of Employee Appeals. When, upon appeal, the action or decision by an agency is found to be unwarranted by the Office of Employee Appeals, the corrective or remedial action directed by the Office of Employee Appeals shall be taken in accordance with the provisions of subchapter VI of this chapter within 30 days of the OEA decision." Section 1-616 of the Code pertains to disciplinary appeals.

prior written notice of the adverse action.[24]

Similar to the current matter, Agency argued in *Hoey* that in accordance with D.C. Official Code §§ 1-608.01, 1-632.03(c), and 5-105.01 and 6 District Personnel Manuel § 872.5, the Chief of Police possessed the authority to demote employees without cause because Employee occupied a discretionary command position and served at the pleasure of the Chief. [25] The Court in *Hoey* provided that D.C. Official Code § 1-608.01(d-2)(1) states that "the Chief of Police shall recommend to the Director of Personnel criteria for Career Service promotions and Excepted Service appointments to the positions of Inspector, Commander . . . ." Therefore, the Inspector position could be filled via Career Service promotion. It reasoned that Agency engaged in selective reading and neglected to acknowledge the entire section of D.C. Official Code § 1-605.01 (d-2)(1) which provides that positions of Inspector, Commander, and Assistant Chief of Police may be filled via Career Service promotions. The Court ruled that this Code section undermined Agency's argument that the positions were Excepted Service and not Career Service status.[26] Accordingly, Employee may have remained in a Career Service position as he contends.

Likewise, the United States District Court for the District of Columbia held in *Fonville v. District of Columbia,* 448 F.Supp.2d 21 (D.C. 2006) that the employee's status did not change from Career Service to "at-will" when he was promoted to from Captain to Commander (skipping over the Inspector position). The Court determined that

---

[24] *Hoey v. District of Columbia, et al.*, 540 F.Supp.2d 218, 221 (D.C. 2008).
[25] *Metropolitan Police Department's Memorandum in Support of Motion for Summary Disposition,* p. 1-3, (April 14, 2008).
[26] *Hoey v. District of Columbia, et al.*, 540 F.Supp.2d 218, 226 (D.C. 2008).

there was no evidence in the record that supported Agency's argument that *Fonville* was an at will employee.  Accordingly, because he was still a Career Service employee, he was entitled to the constitutionally-protected property interest in the position to which he was demoted.[27]

Employee contended throughout his appeal that he was a Career Service employee.  Agency offered no proof that he was converted to an Excepted Service status.  As a result, this Board in inclined to believe that Employee retained his rights as a Career Service employee as those demoted employees in *Hoey* and *Fonville*.[28]  Consequently, Agency could not have demoted him from Inspector to Captain without cause or notice.

Thus, we remand this matter to the Administrative Judge to consider the case on its merits and determine if Agency had cause to remove Employee.  If it is determined that Agency lacked the requisite cause, then the AJ must determine the effective date of Employee's retirement.  This date was not reflected in the record.  The AJ must also award a remedy through Employee's effective date of retirement.  Therefore, Employee's Petition for Review is granted and the matter is remanded to the Administrative Judge for further consideration.

---

[27] *Fonville v. District of Columbia,* 448 F.Supp.2d 21, 27-28 (D.C. 2006).
[28] The AJ did not address Employee's status in his Initial Decision.  The personnel action forms in the record are illegible.  This Board suggests that the AJ requests legible copies from the Employee to ensure his Career Service status.

## ORDER

Accordingly, it is hereby **ORDERED** that Employee's Petition for

Review is **GRANTED** and this matter is **REMANDED** to the

Administrative Judge to consider the case on its merits.

FOR THE BOARD:

_____
Sherri Beatty-Arthur, Chair

_____
Barbara D. Morgan

_____
Richard F. Johns

_____
Clarence Labor, Jr.

The Initial Decision in this matter shall become a final decision of the Office of Employee Appeals 5 days after the issuance date of this order.  An appeal from a final decision of the Office of Employee Appeals may be taken to the Superior Court of the District of Columbia within 30 days after formal notice of the decision or order sought to be reviewed.