```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

```
_____
                              )
CHARLES L. FONVILLE,          )
                              )
          Plaintiff,          )
                              ) Civil Action No. 02-2353 (EGS)
     v.                       )
                              )
DISTRICT OF COLUMBIA,         )
                              )
          Defendant.          )
_____)
```

## MEMORANDUM OPINION AND ORDER

Pending before the Court is [142] defendant's motion to stay the proceedings. Upon consideration of the motion, opposition and reply, the representations of counsel at the hearing held February 17, 2011, the relevant law, and the record as a whole, the Court hereby **GRANTS** defendant's motion for a stay.

I.  BACKGROUND

Plaintiff Charles Fonville filed this suit in 2002 to contest his summary demotion from Commander in the Metropolitan Police Department to Captain by then-police chief Charles F. Ramsey. In 2006 this Court denied defendant's motion for summary judgment, finding in relevant part that, on the record before the Court at the time, plaintiff retained all the protections of the Comprehensive Merit Protection Act ("CMPA") when he was promoted to Commander. Accordingly, the Court concluded plaintiff had "a constitutionally-protected property interest in the Commander

position" and therefore could not be demoted to Captain without cause and due process. Memorandum Opinion of August 22, 2006, Doc. No. 48 at 12. Since the Court issued its ruling in 2006, the defendant has consistently sought to have the Court reconsider it. The case has undergone several additional rounds of briefing, additional discovery, and the Court has held additional motions hearings. The parties agree that whether plaintiff had a property interest in his Commander position is a threshold - and dispositive - issue in this litigation. *See, e.g.,* Defendant's Memorandum in Support of Motion for Summary Judgment, Doc. No. 119 at 30 - 37; Plaintiff's Opposition and Cross Motion for Partial Summary Judgment, Doc. No. 122 at 1, 13-25.

Since August 2009, the parties have filed multiple notices of subsequent authority with the Court. All of the cases cited are from the District of Columbia Office of Employee Appeals or the Superior Court of the District of Columbia, and they squarely address the issue before this Court: whether a Metropolitan Police Department Commander (or, in one case, an Inspector) has a property interest in his position, or whether he may be demoted to the rank of Captain at the pleasure of the Chief of Police. Two of the cases presented to the Court as subsequent authority, *Hoey v. D.C. Office of Employee Appeals and D.C. Metropolitan Police Dep't*, and *Burton v. D.C. Office of Employee Appeals*,

have been appealed to the District of Columbia Court of Appeals.
See District of Columbia Court of Appeals Cases 09-CV-1493 and
10-CV-963. Briefing is complete in the *Burton* case, and is
scheduled to conclude by no later than March 1, 2011 in the *Hoey*
matter. The Solicitor General's Office for the District of
Columbia has advised that the cases have been or will be assigned
to the same merits panel for consideration.

On November 23, 2010, the defendant filed a motion to stay
this case pending resolution of the Court of Appeals' decision in
*Hoey* and *Burton*. Plaintiff opposes the stay because he believes
the relevant statutes in this case are different than those in
*Hoey* and *Burton*, and because of the delay which will result from
a stay.

## II. ANALYSIS

"A trial court has broad discretion to stay all
proceedings in an action pending the resolution of independent
proceedings elsewhere." *Hisler v. Gallaudet Univ.*, 344 F.Supp.2d
29, 35 (D.D.C. 2004) (citing *Landis v. North Am. Co.*, 299 U.S.
248, 254 (1936)). The court "must weigh competing interests and
maintain an even balance," when determining when to stay a
proceeding. *Landis*, 299 U.S. at 254. "The power to stay
proceedings is . . . inherent in every court to control the
disposition of the causes on its docket with economy of time and
effort for itself, for counsel, and for litigants." *Air Line*

*Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis*, 299 U.S. at 254-55). "Indeed, 'a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it pending resolution of independent proceedings which bear upon the case." *IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Ams.*, 402 F.Supp.2d 289, 292 (D.D.C. 2005).

Defendant argues that a stay of proceedings in the instant case pending final resolution of *Hoey* and *Burton* is warranted because it would promote efficiency and provide guidance on a question of law which is dispositive in this case. *See* Def's Motion to Stay at 2. The Court agrees. In *Hoey* and *Burton*, the highest Court of the District of Columbia will be determining what, if any, property interest Commanders in the Metropolitan Police Department have in their positions. This is one of the questions squarely before this Court in the instant case. As a general rule, "state law determines whether a public employee has a property interest in continued employment." *Cambriello v. County of Nassau,* 292 F.3d 307, 313 (2d Cir. 2002). And as the highest "state" court, decisions of the District of Columbia Court of Appeals on matters of local law are entitled to a high degree of deference from the federal courts. *See, e.g., Pernell v. Southall Realty*, 416 U.S. 363, 368 (1974). Accordingly, the District of Columbia Court of Appeals' decisions in *Hoey* and

*Burton* are likely to be extremely persuasive to, if not binding upon, this Court.

Plaintiff argues that any decision by the D.C. Court of Appeals would be "inapplicable to [his] case" because the governing statute changed between the time he was promoted to Commander and the time Mssrs. Hoey and Burton were promoted. (Pl.'s Opp'n to Motion for Stay at 4.) Defendant responds that the statutes are substantially identical, and accordingly the Court of Appeals' interpretation of the one statute will provide meaningful guidance as to how to interpret the other. The Court agrees with the Defendant.

In 1999, the relevant statutory provision that governed Mr. Fonville's promotion and demotion provided:

  4-104. Appointments; assignments; promotions; applicable civil service provisions; vacancies

> The Mayor of said District shall appoint to office, assign to such duty or duties as he may prescribe, and promote all officers and members of said Metropolitan Police force; provided, that all officers, members, and civilian employees of the force except the Chief of Police, the Assistant and Deputy Chiefs of Police, and the inspectors, shall be appointed and promoted in accordance with the provisions of [Federal Career Civil Service laws] . . . ; <u>provided further, that the Assistant and Deputy Chiefs of Police and inspectors shall be selected from among the captains of the force and shall be returned to the rank of captain when the Mayor so determines</u>.

D.C. Official Code § 4-104 (1999) (emphasis added).

When Messrs. Hoey and Burton were promoted and demoted, two statutory provisions governed the District's actions. First,

5

Section 4-104 had been re-codified as Section 5-105.01(a), but was otherwise identical. Second, D.C. Code § 1-608.01(d-1) was enacted after plaintiff's demotion but before Hoey's and Burton's. It states in relevant part:

> 1-608.01 Creation of Career Service
>
> (a) The Mayor shall issue rules and regulations governing employment, advancement and retention in the Career Service . . . .
>
> (d-1) For members of the Metropolitan Police Department <u>and notwisthstanding [ ] any other law or regulation, the Assistant and Deputy Chiefs of Police and inspectors shall be selected from among the captains of the force and shall be returned to the rank of captain when the Mayor so determines</u>.

D.C. Official Code § 1-608.01.

The language is clear: two of the three sections at issue are identical and the third, § 1-608(d-1), is substantially so. Moreover, the relevant regulations - District Personnel Manual Title 6, Chapter 8, §§ 872.1, 872.3 and 872.5 - are identical for plaintiff in this case and Messrs. Hoey and Burton. Finally, Metropolitan Police Department General Order 101.9, which the Office of Employee Appeals and the Superior Court relied upon in both *Hoey* and *Burton*, was in effect at all times relevant in this case as well. Given the striking similarities between the governing law in this case and in *Hoey* and *Burton*, efficiency requires this case be stayed. *See Fairview Hospital v. Leavitt*, Case No. 05-1065, 2007 WL 1521233 at *3 (D.D.C. May 22, 2007).

The Court is not insensitive to the plaintiff's concerns regarding delay. This case has been pending for several years, and plaintiff's desire for finality is entirely understandable. However, after balancing the competing interests, the Court is persuaded that a stay is warranted because resolution of pending litigation in the D.C. Court of Appeals will likely "narrow the issues in the pending cases and assist in the determination of the questions of law involved." *Landis*, 299 U.S. at 253; *see also Fairview Hosp. v. Leavitt*, 2007 WL 1521233 at *3. The need to correctly resolve the Fifth Amendment property interest issue is particularly acute in this case. As the District of Columbia points out, this question "has now been adjudicated and interpreted differently by a District of Columbia administrative agency . . . the District of Columbia Superior Court, [and] federal district courts." Def's Motion to Stay at 2. In light of the centrality of the issue to the instant case, the Court is persuaded that a stay is appropriate.

### III. CONCLUSION AND ORDER

Because the case at hand raises nearly identical issues as those currently awaiting judgment in *Hoey v. D.C. Office of Employee Appeals and D.C. Metropolitan Police Dep't*, 09-CV-1493 and *Burton v. D.C. Office of Employee Appeals*, 10-CV-963 (D.C. Court of Appeals), and because holding this case in abeyance pending the final resolution of those matters will foster

efficiency and conservation of resources, the defendant's motion for a stay will be granted.  Accordingly, it is hereby

**ORDERED** that defendant's motion for a stay of the proceedings be, and hereby is, GRANTED.  This case is **STAYED** pending final resolution of *Hoey* and *Burton*.  It is further

**ORDERED** that District of Columbia provide the Court with all briefs filed in the D.C. Court of Appeals in the *Hoey* and *Burton* cases, and apprise this Court of all developments in either case within (10) days of any and all developments, including when the case(s) are scheduled for oral argument and when final resolution has been reached.

**IT IS SO ORDERED.**

Signed:   Emmet G. Sullivan
          United States District Judge
          February 28, 2011